Parker, J.
delivered the resolution of the court. The court, without deciding whether it would reverse an order laying a county levy, which did not shew on the face of it, for what the respective sums were charged, so as to make it appear, that the expenses incurred had been incurred under the authority of some law, and were properly chargeable to the county,-—is of opinion, that the sheriffs’ accounts referred to in the account stated in the minutes of the county court, are to be considered as part of the order, and do shew for what the sums allowed to the two sheriffs' respectively, were due. They were due for keeping certain negroes, the property of an individual, committed to the custody of the sheriff by order of the county court. Now, if (as is alleged in the petition of the twenty-four freeholders) these negroes were suing in forma pauperis for *813 their freedom, the person who claimed property in them, refusing to give bond and security for their forthcoming to answer the judgement of the'court, as required by law, must bear the expense of keeping them. 1 Rev. Code, ch. 124. § 4. p. 481. Sarah v. Henry, 2 Hen. & Munf. 19. But, if that fact is not to be assumed, still the levy cannot be supported ; since we cannot conceive a case in which the county can be made liable for the keeping of slaves, or persons claimed as slaves, committed to the custody of the sheriff. The only cases of such commitments that occur to us, are, when they are committed for criminal offences, or as runaways, or under execution for debt, or by their owners in certain cases, or when they arc in the predicament above mentioned of paupers suing for freedom. In neither of these eases are the tytheables of the county liable for their support, and we believe that no case can be stated, in which they are so liable. Therefore, the levy of the 22d of June 1829, was laid otherwise than is allowed by law; and this court, without answering or deciding the other questions adjourned, directs that it be certified to the circuit court of Fauquier, that the order of the county court laying the levy should be reversed.